**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Netzahualcoyotl G Ramos,<br><br>　　　　Petitioner,<br><br>v.<br><br>John McAdorey, et al.,<br><br>　　　　Respondents. | No. CV-23-00490-TUC-AMM<br><br>**ORDER** |

　　　　On August 27, 2024, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") recommending this Court dismiss Netzahualcoyotl G. Ramos's Petition for Writ of Habeas Corpus as untimely. (Doc. 14.) Judge Kimmins notified the parties they had fourteen (14) days to file any written objections to the proposed findings and recommendation. (*Id.* at 7.) Petitioner filed an objection to the R&R and Respondents filed a reply. (Docs. 15, 17.) For the reasons discussed below, the Court will overrule Petitioner's objections and adopt the R&R.

　　　　A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. *Id.*

　　　　Judge Kimmins found that the Petition was untimely because the statute of limitations expired in 2013, and Petitioner did not file this matter until 2023. (Doc. 14 at 4–5.) She further found that Petitioner failed to meet his burden of establishing that equitable tolling is warranted. (*Id.* at 5–6.) Judge Kimmins concluded that Petitioner did not act with reasonable diligence to pursue his rights when he waited until 2023 to file his

1   Petition in this Court. (*Id.*) Moreover, she reasoned that Petitioner failed to establish—or
2   even allege—extraordinary circumstances prevented his timely filing. (*Id.*) Because Judge
3   Kimmins found that the Petition is time-barred and that Petitioner is not entitled to
4   equitable tolling, the R&R did not reach Respondents' arguments pertaining to exhaustion,
5   procedural default, or the merits. (*Id.* at 1 n.1.)

6         Petitioner objects to Judge Kimmins's findings by raising arguments that go to the
7   merits of his Petition including that: (1) he was entitled to an evidentiary hearing to
8   demonstrate ineffective assistance of counsel as supported by "changes in the law," (2) he
9   received ineffective assistance of counsel when his counsel allegedly failed to
10  communicate a plea offer, (3) the sentencing court abused its discretion by imposing
11  Petitioner's sentence, and (4) the trial court acted in an arbitrary and capricious manner
12  when it denied Petitioner's most recent Post Conviction Petition. (Doc. 15 at 2–5.)

13        Petitioner fails to address the R&R's findings that his claims are time-barred and
14  that he is not entitled to equitable tolling. Because Petitioner argues only the merits of his
15  Petition and does not properly object to the findings of the R&R, the Court reviews the
16  R&R for clear error. After review of the R&R, the parties' briefs, and the record, the Court
17  finds no clear error.

18        Accordingly,

19        **IT IS ORDERED** that Petitioner's Objections are **OVERRULED**. (Doc. 15.)

20        **IT IS FURTHER ORDERED** that the Report and Recommendation is
21  **ADOPTED IN FULL.** (Doc. 14.)

22        **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is
23  **DISMISSED**. (Doc. 1.) The Clerk of Court shall enter judgment accordingly and close this
24  case.

25  ///
26  ///
27  ///
28  ///

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 15th day of May, 2025.

_____
Honorable Angela M. Martinez
United States District Judge